UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CONSTANCE FULLWOOD,

        Plaintiff,　　　　　　PLAINTIFF DEMANDS
　　　　　　　　　　　　　　　　　A JURY TRIAL

SDH SERVICES WEST, LLC,
SODEXO, INC.,
        Defendants.

_____

　　　　Plaintiff, Constance Fullwood, through her counsel, DEREK SMITH LAW GROUP, PLLC hereby submits this Complaint and complains of the DEFENDANTS, upon information and belief, as follows:

## **NATURE OF CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. § 1981, and The New York State Executive Law, and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to a hostile work environment, race discrimination, sexual harassment, retaliation, and constructive discharge.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act and 42 USC 1981. The Court also has supplemental jurisdiction over the State Causes of Action.

3. Venue is proper in this District base upon Defendant Corporation being subject to personal jurisdiction within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(d).

4. Defendant SODEXO, INC. maintains offices at 1 Chase Manhattan Plaza in New York, NY.

5. On or about June 24, 2015, Plaintiff submitted a Charge with the EEOC.

6. On or about December 9, 2015, the EEOC mailed a Right to Sue Letter to Plaintiff.

7. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## PARTIES

8. Plaintiff is an individual African-American female who resides in the state of North Carolina.

9. Defendant SDH SERVICES WEST, LLC is a Delaware limited liability company that does business in the State of New York.

10. Defendant SODEXO, INC. is a Delaware corporation that does business in the State of New York.

11. Defendant SODEXO, INC. is a French food services and facilities management multinational corporation that does business in the State of New York.

12. At all times herein mentioned, Defendant SODEXO, INC. and Defendant SDH SERVICES WEST, LLC were joint employers of the Plaintiff.

13. Defendant SDH SERVICES WEST, LLC is a wholly owned subsidiary of Defendant SODEXO, INC.

14. Defendant SDH SERVICES WEST, LLC is controlled by Defendant SODEXO, INC. and the two are so interrelated as to constitute one single employer.

## FACTS

15. Plaintiff commenced employment with Defendants on or around January 2015 as a Custodial Manager at their facility at the University of Buffalo in New York.

16. Plaintiff's first day on the job, Defendants' OPS manager Chris Baugh, stated to Plaintiff "If you ever cross me, I will cut your throat."

17. On February 27, 2015, Defendants' Manager Chris Baugh stroked and fondled the arch of Plaintiff's back.

18. That same day, Plaintiff contacted Defendants' Senior Recruiter, Doreen Settles, and complained about the inappropriate sexual touching.

19. Plaintiff felt "uncomfortable" around Defendants' Manager.

20. On March 4, 2015, Defendants' Manager again stroked and fondled Plaintiff twice in the arch of her back.

21. On many occasions Defendants' Manager called Plaintiff a "BITCH."

22. On or around February 27, 2015, Defendants' Manager told Plaintiff that she was considered "untrainable," "too Black" and that her hair was "too ghetto."

23. Plaintiff changed her hairstyle to conform to what was considered not "too Black" or "too ghetto."

24. Humiliated, Plaintiff went so far as to wear a wig so she would not be considered "too Black" by Defendant.

25. On another occasion Plaintiff heard that Mr. Mike Walker, a Caucasian, the General Manager of Facilities for University of Buffalo, stated to Sodexo Senior Recruiter, Doreen

Settles, who is African-American, that Plaintiff was "Too Black and too ghetto to work for Sodexo."

26. On or around March 11, 2015, Plaintiff suffered physical abuse, when Defendants' Manager Chris Baugh punched her in her arm on three different occasions.

27. Plaintiff complained of the racial discrimination and sexual harassment to Defendants all throughout her employment with Defendants.

28. After Plaintiff made sexual harassment and race discrimination complaints, in unlawful retaliation for said complaints and because she is African American, Defendants wrongfully suspended her from her employment.

29. Defendants suspended Plaintiff from June 8, 2015 to August 6, 2015.

30. Around August 14, 2015, Defendants constructively discharged Plaintiff by making her conditions at work so unbearable that no woman in Plaintiff's shoes should be expected to tolerate.

31. Plaintiff sent an email to Defendants stating that Defendants forced her from her employment due to suspending her from her employment and not protecting her from discrimination and harassment.

32. As a result of Defendants' continued harassment of Plaintiff she suffered numerous injuries including economic and emotional damages.

33. Due to the harassment of Defendants, Plaintiff suffers from high stress and anxiety.

34. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

35. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendant.

36. The above are just some of the examples of unlawful conduct to which Defendant subjected Plaintiff on an ongoing continuous basis.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (not against any individual Defendant)

37. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

38. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a)    Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

39. DEFENDANTS engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (not against any individual Defendant)

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

41. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

42. DEFENDANTS engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of DEFENDANTS.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

44. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45. DEFENDANTS engaged in an unlawful discriminatory practice by discriminating against the Plaintiff as set forth herein.

46. Plaintiff hereby makes a claim against DEFENDANTS under all of the applicable paragraphs of Executive Law Section 296.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

47. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

49. DEFENDANTS engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

    "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

52. DEFENDANTS engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SIXTH CAUSE OF ACTION
## DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

53. Plaintiff repeats and realleges by this reference the allegations set forth in the above paragraphs of this complaint.

54. Section 1981 states as follows, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

55. The section further states that "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

56. Defendants' discrimination against Plaintiff is in violation of the rights of Plaintiff as afforded to her by the Civil Right Act of 1866, 42 U.S.C. 1981.

57. By the conduct described above, Defendants intentionally deprived the Plaintiff an African American of the same rights as are enjoyed by White citizens to the creation, performance, enjoyment, and all benefits and privileges of her contractual employment relationship with Defendants.

58. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and have suffered

anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling her to compensatory damages.

59. Defendants acted with malice or reckless indifference to the rights of the above-named African American thereby entitling her to an award of punitive damages.

60. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award Plaintiff the relief prayed for below.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
December 31, 2015

DEREK SMITH LAW GROUP PLLC

_____
John C. Luke, Jr.
30 Broad Street, 35th Floor
New York, N.Y. 10004
(212) 587 – 0760
(212) 587 – 4169
*Attorneys for Plaintiff*