UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONSTANCE FULLWOOD,

          *Plaintiff*,

  v.

SDH SERVICES WEST, LLC, and
SODEXO, INC.,

          *Defendants*.

**ANSWER TO PLAINTIFF'S COMPLAINT**

Case No. 1:16-cv-00001-RA

---

Defendants Sodexo, Inc. and SDH Services West, LLC (together "Sodexo"), by and through their attorneys, Harris Beach PLLC, for their Answer to the Complaint of the Plaintiff, Constance Fullwood, state as follows:

## NATURE OF THE CASE

1. With respect to the allegations in Paragraph 1 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants admit that the Plaintiff's action purports to be brought under all of the authorities identified therein; but deny that the Plaintiff's rights were unlawfully violated in any manner whatsoever; deny that Plaintiff is entitled to compensatory, punitive, or any other damages whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

2. With respect to the allegations in Paragraph 2 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

3. With respect to the allegations in Paragraph 3 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

4. With respect to the allegations in Paragraph 4 of the Plaintiff's Complaint, the Defendants deny that Defendant Sodexo, Inc. maintains an office at 1 Chase Manhattan Plaza, New York, New York.

5. With respect to the allegations in Paragraph 5 of the Plaintiff's Complaint, the Defendants admit that the Plaintiff filed a complaint with the EEOC on or about June 24, 2015.

6. With respect to the allegations in Paragraph 6 of the Plaintiff's Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date on which the EEOC mailed a Right to Sue Letter to Plaintiff.

7. With respect to the allegations in Paragraph 7 of the Plaintiff's Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date on which the Plaintiff received notice of her right to sue from the EEOC and the corresponding timeliness and satisfaction of administrative prerequisites with regard to Plaintiff's claims.

## PARTIES

8. With respect to the allegations in Paragraph 8 of the Plaintiff's Complaint, Defendants admit that Plaintiff is an African-American female. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that Paragraph.

9. With respect to the allegations in Paragraph 9 of the Plaintiff's Complaint, Defendants admit that SDH Services West, LLC is a Delaware limited liability company that does business in New York.

10. With respect to the allegations in Paragraph 10 of the Plaintiff's Complaint, Defendants admit that Sodexo, Inc. is a Delaware corporation that does business in New York.

11. With respect to the allegations in Paragraph 11 of the Plaintiff's Complaint, Defendants state that Sodexo, Inc. is the North American subsidiary of Sodexo Alliance, S.A., a multinational provider of outsourcing solutions, including food services and facilities management; admit that Sodexo, Inc. does business in New York; and otherwise deny each and every remaining allegation in that Paragraph.

12. With respect to the allegations in Paragraph 12 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. Defendants otherwise deny each and every remaining allegation in that Paragraph.

13. With respect to the allegations in Paragraph 13 of the Plaintiff's Complaint, Defendants deny that SDH Services West, LLC, is a wholly owned subsidiary of Sodexo, Inc. Defendants affirmatively state that SDH Services West, LLC's parent company is Sodexo America, LLC, a wholly owned subsidiary of Sodexo Management, Inc.; Sodexo Management, Inc. is a wholly owned subsidiary of Sodexo Operations, LLC; and Sodexo Operations, LLC is a wholly owned subsidiary of Sodexo, Inc.

14. With respect to the allegations in Paragraph 14 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. Defendants otherwise deny each and every remaining allegation in that Paragraph.

# FACTS

15. With respect to the allegations in Paragraph 15 of the Plaintiff's Complaint, the Defendants admit that Plaintiff commenced employment with Defendants as a Custodial Manager at the University at Buffalo in 2015, but deny that this occurred in January; affirmatively state that the Plaintiff was hired on February 2, 2015; and otherwise deny each and every remaining allegation in that Paragraph.

16. The Defendants deny the allegations in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendants deny the allegations in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendants deny the allegations in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendants deny the allegations in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendants deny the allegations in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations in Paragraph 21 of the Plaintiff's Complaint.

22. The Defendants deny the allegations in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendants deny the allegations in Paragraph 23 of the Plaintiff's Complaint.

24. The Defendants deny the allegations in Paragraph 24 of the Plaintiff's Complaint.

25. The Defendants deny the allegations in Paragraph 25 of the Plaintiff's Complaint.

26. The Defendants deny the allegations in Paragraph 26 of the Plaintiff's Complaint.

27. The Defendants deny the allegations in Paragraph 27 of the Plaintiff's Complaint.

28. The Defendants deny the allegations in Paragraph 28 of the Plaintiff's Complaint.

29. With respect to the allegations in Paragraph 29 of the Plaintiff's Complaint, the Defendants admit that the Plaintiff was placed on investigatory suspension in June 2015, but deny that the suspension began on June 8; and affirmatively state that the Plaintiff was on investigatory suspension from June 10, 2015 to August 6, 2015.

30. The Defendants deny the allegations in Paragraph 30 of the Plaintiff's Complaint.

31. With respect to the allegations in Paragraph 31 of the Plaintiff's Complaint, the Defendants refer to the document referenced therein, if any, for its true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

32. The Defendants deny the allegations in Paragraph 32 of the Plaintiff's Complaint.

33. The Defendants deny the allegations in Paragraph 33 of the Plaintiff's Complaint.

34. The Defendants deny the allegations in Paragraph 34 of the Plaintiff's Complaint.

35. The Defendants deny the allegations in Paragraph 35 of the Plaintiff's Complaint.

36. With respect to the allegations in Paragraph 36 of the Complaint, the Defendants deny that the Plaintiff was subjected to any unlawful conduct.

## FIRST CAUSE OF ACTION

37. The Defendants repeat each and every response in the preceding paragraphs.

38. With respect to the allegations in Paragraph 38 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

39. With respect to those allegations in Paragraph 39 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964 or any other law were violated; and otherwise deny each and every remaining allegation in that Paragraph.

## SECOND CAUSE OF ACTION

40. The Defendants repeat each and every response in the preceding paragraphs.

41. With respect to the allegations in Paragraph 41 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

42. With respect to those allegations in Paragraph 42 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964 or any other law were violated; and otherwise deny each and every remaining allegation in that Paragraph.

### THIRD CAUSE OF ACTION

43. The Defendants repeat each and every response in the preceding paragraphs.

44. With respect to the allegations in Paragraph 44 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

45. With respect to those allegations in Paragraph 45 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the Plaintiff's rights pursuant to the New York State Human Rights Law or any other law were violated; and otherwise deny each and every remaining allegation in that Paragraph.

46. With respect to the allegations in Paragraph 46 of the Plaintiff's Complaint, the Defendants admit that the Plaintiff's action purports to be one brought under the authorities

identified in the Complaint; but deny that the Plaintiff's rights were unlawfully violated in any manner whatsoever.

## FOURTH CAUSE OF ACTION

47.   The Defendants repeat each and every response in the preceding paragraphs.

48.   With respect to the allegations in Paragraph 48 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

49.   With respect to those allegations in Paragraph 49 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the Plaintiff's rights pursuant to the New York State Human Rights Law or any other law were violated; and otherwise deny each and every remaining allegation in that Paragraph.

## FIFTH CAUSE OF ACTION

50.   The Defendants repeat each and every response in the preceding paragraphs.

51.   With respect to the allegations in Paragraph 51 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

52.   With respect to those allegations in Paragraph 52 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the

Plaintiff's rights pursuant to the New York State Human Rights Law or any other law were violated; and otherwise deny each and every remaining allegation in that Paragraph.

## SIXTH CAUSE OF ACTION

53. The Defendants repeat each and every response in the preceding paragraphs.

54. With respect to the allegations in Paragraph 54 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

55. With respect to the allegations in Paragraph 55 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

56. With respect to the allegations in Paragraph 56 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the Plaintiff's rights pursuant to the Civil Rights Act of 1866 or any other law were violated; and otherwise deny each and every remaining allegation in that Paragraph.

57. The Defendants deny the allegations in Paragraph 57 of the Plaintiff's Complaint.

58. With respect to the allegations in Paragraph 58 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the Plaintiff's rights pursuant to the Civil Rights Act of 1866 or any other law were violated; deny

that the Plaintiff is entitled to any relief whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

59. The Defendants deny the allegations in Paragraph 59 of the Plaintiff's Complaint.

60. With respect to those allegations in Paragraph 60 of the Plaintiff's Complaint that set forth conclusions of law, no response is required. The Defendants refer to the statutes and authorities cited therein for their true and complete content. The Defendants deny that the Plaintiff's rights pursuant to the Civil Rights Act of 1866 or any other law were violated; deny that the Plaintiff is entitled to any relief whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

61. With respect to those allegations in the paragraphs following Paragraph 60 of the Plaintiff's complaint and containing the Plaintiff's prayer for relief, the Defendants deny that the Plaintiff has been subjected to any unlawful action; deny that the Plaintiff is entitled to any relief whatsoever; and otherwise deny each and every remaining allegation contained in those paragraphs.

62. The Defendants deny each and every allegation in the Complaint not expressly admitted, denied, or otherwise controverted.

## FIRST AFFIRMATIVE DEFENSE

63. The Plaintiff's Complaint should be dismissed because it fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

64. The Plaintiff's Complaint should be dismissed because the Defendants had legitimate, non-discriminatory rationales for each and every adverse action taken with respect to

the Plaintiff, unrelated to the Plaintiff's sex, race, color, national origin, participation in protected activity, or any other protected characteristic.

### THIRD AFFIRMATIVE DEFENSE

65. The Plaintiff's claims must be dismissed because the Defendants' policies and practices were applied consistently to all employees regardless of sex, race, color, national origin, alleged participation in protected activity, and/or any other categorical feature protected by State or Federal statute or regulation.

### FOURTH AFFIRMATIVE DEFENSE

66. The Plaintiff's claims must be dismissed because the Defendants exercised reasonable care to prevent and/or correct any discriminatory or retaliatory conduct, and the Plaintiff unreasonably failed to take advantage of these protective and/or corrective opportunities in order to avoid harm.

### FIFTH AFFIRMATIVE DEFENSE

67. Upon information and belief, the Plaintiff's claims are barred because the Plaintiff was aware of, but failed to utilize or employ, the Defendants' policies and procedures safeguarding employees from alleged discrimination and/or retaliation.

### SIXTH AFFIRMATIVE DEFENSE

68. The Plaintiff's claims are barred to the extent that the Defendants reasonably responded to any complaint made by the Plaintiff and took appropriate action in response thereto.

**SEVENTH AFFIRMATIVE DEFENSE**

69. The Plaintiff's hostile environment and harassment claims are barred because the behavior alleged by the Plaintiff does not rise to the requisite level of "severity" and/or "pervasiveness" required to give rise to a hostile work environment as a matter of law.

**EIGHTH AFFIRMATIVE DEFENSE**

70. The Plaintiff's hostile environment and retaliation claims are barred as to the Company because the Company did not authorize, condone, acquiesce in, or otherwise approve of any discriminatory or retaliatory behavior directed at the Plaintiff by any individual Defendant.

**NINTH AFFIRMATIVE DEFENSE**

71. The Plaintiff's claims are barred to the extent that she has failed to exhaust her administrative remedies with respect to any claim.

**TENTH AFFIRMATIVE DEFENSE**

72. The Plaintiff claims are barred to the extent that they are premised on any allegations outside the applicable limitations periods imposed by the statutes pursuant to which she brings this action, or to the extent that the Plaintiff as failed to comply with any other applicable limitations periods with respect to the filing or service of this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

73. Upon information and belief, the Plaintiff's claims are barred in whole or in part because she has unreasonably failed to mitigate her damages.

### TWELFTH AFFIRMATIVE DEFENSE

74. The Plaintiff's claims for damages are barred to the extent she seeks any measure of recovery in excess of those damages allowed by the statutes pursuant to which her action is brought.

### THIRTEENTH AFFIRMATIVE DEFENSE

75. Upon information and belief, the Plaintiff's claims are barred in whole or in part under the doctrines of waiver, estoppel, laches, and "unclean hands."

### FOURTEENTH AFFIRMATIVE DEFENSE

76. The Plaintiff's claims pursuant to Title VII, § 1981, and/or the New York Human Rights Law are barred to the extent that they are based upon any allegations or claims that are outside the scope of the underlying charges or complaints filed with the New York State Division of Human Rights and/or the Equal Employment Opportunity Commission.

### FIFTEENTH AFFIRMATIVE DEFENSE

77. The Plaintiff's claims are barred to the extent that the Plaintiff failed to comply with all statutory prerequisites for filing suit under Title VII, § 1981, and/or the New York Human Rights Law, including but not limited to, the time-barring of any claims based on allegations occurring more than 300 days prior to the filing of the Plaintiff's charge with the Equal Employment Opportunity Commission.

### SIXTEENTH AFFIRMATIVE DEFENSE

78. The Plaintiff's claims against Sodexo, Inc. are barred because that entity is not a proper defendant under the state and federal statutes cited in Plaintiff's Complaint.

**WHEREFORE**, for all the foregoing reasons, the Defendants respectfully demand judgment dismissing the Plaintiff's Complaint in its entirety on the merits, together with the costs, disbursements and reasonable attorneys' fees incurred in defense of this action; that in the event judgment is awarded to the Plaintiff, that it be reduced to the extent that Plaintiff has failed to mitigate her damages; and that the Defendants have such other and further relief as this Court may deem just and proper.

Dated: April 7, 2016　　　　　　　　　　　　HARRIS BEACH PLLC
Pittsford, New York

　　　　　　　　　　　　　　　　　　　　　 s/Daniel J. Moore
　　　　　　　　　　　　　　　　　　　　　Daniel J. Moore
　　　　　　　　　　　　　　　　　　　　　99 Garnsey Road
　　　　　　　　　　　　　　　　　　　　　Pittsford, New York 14534
　　　　　　　　　　　　　　　　　　　　　Telephone: (585) 419-8800
　　　　　　　　　　　　　　　　　　　　　E-mail: dmoore@harrisbeach.com
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

DANIEL J. MOORE, one of the attorneys for the Defendants, **SDH Services West LLC and Sodexo, Inc.**, hereby certify that on April 7, 2016 I electronically filed the foregoing **Answer** with the clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. John C. Luke, Jr.
   Derek Smith Law Group PLLC
   30 Broad Street, 35th Floor
   New York, NY 10004
   johnclukejr@newyorkcityemploymentlaw.com

And I hereby certify that I have sent by regular mail the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

1. N/A

        s/Daniel J. Moore
        DANIEL J. MOORE