UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:** 07/20/2016

CONSTANCE FULLWOOD,

Plaintiff,

v.

SDH SERVICES WEST, LLC, and
SODEXO, INC.,

Defendants.

No. 16-CV-1 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Constance Fullwood brings this employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL") against her former employers, Defendants SDH Services West, LLC and Sodexo, Inc. Before the Court is Defendants' joint Motion to Change Venue seeking transfer from this district to the Western District of New York. For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

Plaintiff alleges that from January 2015 until she was constructively discharged around August 14, 2015, Defendants employed her as a Custodial Manager at Defendants' facility at the University of Buffalo in Buffalo, New York. Compl. ¶¶ 15, 30. She contends that over the course of her employment, she was subjected to a hostile work environment, racial discrimination, sexual harassment, retaliation, and constructive discharge because of her race (African American) and gender (female). *Id.* ¶¶ 1, 8. Among other things, Plaintiff alleges that on various occasions her supervisors inappropriately touched her, called her derogatory names, threatened her, complained

1

that she was "too [b]lack," and physically abused her. *See id.* ¶¶ 16–26. Plaintiff also alleges that after she lodged formal complaints of racial discrimination and sexual harassment, she was wrongfully suspended for approximately two months. *Id.* ¶¶ 28–29. Plaintiff contends that "[a]round August 14, 2015," Defendants constructively discharged her "by making her conditions at work so unbearable that no woman in [her] shoes should be expected to tolerate" them. *Id.* ¶ 30.

Plaintiff "resides in the state of North Carolina." *Id.* ¶ 8. Defendants are incorporated in Delaware and do business in the State of New York. *Id.* ¶¶ 9–10. Plaintiff performed all of her work for Defendants in Buffalo, New York, *id.* ¶ 15, a city in which Sodexo operates, Walker Aff. ¶ 1.

## DISCUSSION

### I.     Title VII's Venue Provision

Although the parties did not raise the issue, Title VII contains a provision, 42 U.S.C. § 2000e–5(f)(3), that "controls the question of venue" for such claims. *Bolar v. Frank*, 938 F.2d 377, 378 (2d Cir. 1991). "Almost uniformly, courts considering this question have applied [§] 2000e–5(f)(3) to determine venue in employment discrimination actions premised on Title VII." *Id.* at 379. That provision allows Title VII claims to be brought

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e–5(f)(3).

Based on this clear language, the Southern District of New York is an improper venue for Plaintiff's Title VII claims.   First, the allegedly unlawful employment practices were not

2

committed in this district. All of the alleged acts of employment discrimination occurred in Buffalo, which is in the Western District of New York. Second, it is undisputed that the employment records relevant to this action are also in Buffalo. *See* Walker Aff. ¶ 12 ("To my knowledge the witnesses, documents, and materials relating to Ms. Fullwood's claims are located in the Buffalo, New York area."). Third, this is not the district in which Plaintiff would have been working but for the allegedly unlawful employment practices given that she was hired to work "at [Defendants'] facility at the University of Buffalo." Compl. ¶ 15.

This determination, however, does not end the analysis, as Plaintiff's § 1981 and NYSHRL claims are not subject to Title VII's venue provision. *See Deshmukh v. Sunovion Pharm. Inc.*, No. 14-CV-923 (AWT), 2015 WL 540876, at *3 (D. Conn. Feb. 10, 2015) (analyzing Title VII claims and non-Title VII claims differently for venue purposes). The Court must also analyze Defendants' motion pursuant to 28 U.S.C. § 1404(a).

## II.    28 U.S.C. § 1404(a)

Federal law provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts in this district analyze motions to transfer brought pursuant to § 1404(a) by applying a two-part test. "First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent. Second, the transfer must be in the interest of justice and convenience of the parties and witnesses." *Dickerson v. Novartis Corp.*, No. 15-CV-1980 (GHW), 2016 WL 1611504, at *5 (S.D.N.Y. Apr. 21, 2016) (quoting *In re CenturyLink, Inc. Sec. Litig.*, No. 13-CV-3839 (LTS), 2014 WL 1089116, at *1 (S.D.N.Y. Mar. 18, 2014)).

"An action 'might have been brought' in another forum if venue would have been proper there and the defendants would have been amenable to personal jurisdiction in the transferee forum when the action was initiated." *Wang v. Phoenix Satellite Television US, Inc.*, No. 13-CV-218 (PKC), 2014 WL 116220, at *2 (S.D.N.Y. Jan. 13, 2014). Here, all parties agree—and the Court concurs—that Plaintiff's action "might have been brought" in the Western District of New York. *See* Defs.' Br. at 3; Pl.'s Opp. at 3.

In determining whether transfer is "in the interest of justice and convenience of the parties and witnesses," courts consider the following non-exhaustive list of factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)).

After considering these factors here, the Court concludes that transfer to the Western District of New York is appropriate. As discussed more fully below, the convenience of witnesses and locus of operative facts decidedly support transfer, whereas the factor most strongly supporting litigation in this district—Plaintiff's choice of forum—is entitled to little weight in these circumstances. The remaining factors do not affect the Court's analysis.

## A. Convenience of Witnesses

"Courts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a) motion to transfer." *Rosen v. Ritz-Carlton Hotel Co.*, No. 14-CV-1385 (RJS), 2015 WL 64736, at *3 (S.D.N.Y. Jan. 5, 2015) (quoting *Whitehaus Collection v. Barclay Prods., Ltd.*, No. 11-CV-217 (LBS), 2011 WL 4036097, at *4 (S.D.N.Y. Aug. 29, 2011)). "[T]he

4

convenience of non-party witnesses is weighed more heavily than that of party witnesses." *Id.* (citing *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005)). The convenience of expert witnesses and witnesses who do not reside either in this district or the proposed transfer district, however, is accorded little if any weight. *See Aronstein v. Thompson Creek Metals Co.*, No. 14-CV-201 (MPS), 2015 WL 235186, at \*4 (D. Conn. Jan. 16, 2015) ("Defendants correctly point out that '[t]he convenience of expert witnesses has little or no significance in determining whether an action should be transferred under 28 U.S.C. § 1404(a).'" (quoting *Scheinbart v. Certain-Teed Prods. Corp.*, 367 F. Supp. 707, 709–10 (S.D.N.Y. 1973))); *Dealtime.com v. McNulty*, 123 F. Supp. 2d 750, 756 (S.D.N.Y. 2000) ("The significance of witnesses who reside in neither the current nor transferee forum is negligible at best.").

The relevant witnesses' proximity to the Western District of New York far exceeds their connections to this district. Defendants identified nine likely witnesses, all but one of whom live in the Western District of New York. *See* Defs.' Br. at 6. Many of these witnesses allegedly carried out or observed the unlawful conduct. Plaintiff, on the other hand, has identified only two witnesses who live outside that district, one of whom is an expert and the other of whom lives in North Carolina, outside both the Southern and Western Districts of New York. *See* Pl.'s Opp. at 5. Because Plaintiff's witnesses in this case are entitled to little if any weight in the Court's analysis, the convenience of the witnesses favors transfer to the Western District of New York.

**B.     Locus of Operative Facts**

The locus of operative facts "will 'substantially favor[] transfer from this district when a party has not shown that any of the operative facts arose in the Southern District of New York.'" *Berger v. Cushman & Wakefield of Pa., Inc.*, No. 12-CV-9224 (JPO), 2013 WL 4565256, at \*10 (S.D.N.Y. Aug. 28, 2013) (quoting *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*,

5

928 F. Supp. 2d 735, 745 (S.D.N.Y. 2013)). The parties appear to agree that *all* of the alleged acts of employment discrimination that form the basis of this action occurred in Buffalo, in the Western District of New York. *See* Compl. ¶¶ 15–36; Defs.' Br. at 5. This factor therefore strongly weighs in favor of transfer.

## C.    Plaintiff's Choice of Forum

"While a plaintiff's choice of forum is generally entitled to considerable weight, 'the degree of deference given to [that] choice varies with the circumstances.'" *Viera v. Basf Catalysts LLC*, No. 15-CV-3952 (JPO), 2015 WL 9302836, at *6 (S.D.N.Y. Dec. 21, 2015) (quoting *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 (JPO), 2015 WL 3767445, at *8 (S.D.N.Y. June 17, 2015)). "[A] plaintiff's choice of forum is accorded substantially less deference when the forum is 'neither the plaintiff's home nor the place where the operative facts of the action occurred.'" *CFTC v. Wilson*, 27 F. Supp. 3d 517, 537 (S.D.N.Y. 2014) (quoting *Hall v. S. Orange*, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000)).

Plaintiff here has chosen to litigate in this district, but she neither lives here nor alleges that the facts at issue in this case occurred here. "Thus, while the Court recognizes her preference for litigation in [this district], it concludes that Plaintiff's choice of forum is outweighed by concerns that favor transfer." *Viera*, 2015 WL 9302836, at *6.[1]

In balancing the factors identified by the Second Circuit and considering the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Western District of New York.

---

[1] With regard to the remaining factors, Plaintiff concedes that the location of relevant documents and convenience of the parties are neutral factors here. *See* Pl.'s Opp. at 3–4. The availability of process to compel the attendance of unwilling witnesses is also neutral as none have been identified. Finally, the relative means of the parties, even if it were to support Plaintiff's choice of forum, is "entitled to little weight" because it is based on "the additional expense" of litigating in one out-of-state forum versus another. *Coker v. Bank of Am.*, 984 F. Supp. 757, 767 (S.D.N.Y. 1997).

6

## CONCLUSION

Defendants' motion to change venue is granted.  The Clerk of Court is respectfully directed to terminate item number 9 on the docket and transfer this action to the United States District Court for the Western District of New York.

Dated:  July 20, 2016
New York, New York

_____
Ronnie Abrams
United States District Judge